# C. W. WHEELER and Others v. TOWNSHIP OF ALMOND and Others.[1]

## January 14, 1910.

## Nos. 16,261—(61)[2] (4).[3]

**Judicial Ditch — Dismissal of Petition.**

The fact that the trial court, on a petition for the construction of a ditch, has found that the ditch was necessary for the protection of the public health, convenience and welfare of the community, and for the land described in the petition, does not render illegal its final order dismissing the petition.

**Same — Petitioners' Expense not Controlling.**

At the first (a preliminary) hearing the utility of such ditch as was petitioned for was determined; at the final hearing the utility of the developed plan of the ditch was considered, in connection with estimated damages, benefits and costs. That different conclusions were reached at different hearings is not legally inconsistent. The fact that petitioners may have necessarily expended large sums of money in the interests of the ditch does not control the court.

**Final Hearing — Duty of Court not Merely Clerical.**

At the final hearing the trial court's duty is not limited to the mere clerical act of footing up and subtracting the total charges and credits involved in the proposed construction of the ditch according to the engineer's and viewers' reports. It is required to find, from these reports and other evidence adduced before it at the hearing, whether the reports are full and complete, whether the damages and benefits have been duly awarded and assessed, whether the benefits exceed the costs including damages, and whether, taken as a whole, the ditch is a public utility.

**Findings Supported by Evidence.**

In this case, testimony at the final hearing reasonably tended to support the findings made, on which the petition was dismissed.

C. W. Wheeler and others petitioned the district court for Big Stone county for the establishment of Judicial Ditch No. 1, and

1Reported in 124 N. W. 227, 126 N. W. 138.
2October, 1909, term calendar.
3April, 1910, term calendar.

other persons petitioned for certain lateral ditches thereon. The court ordered that the Township of Almond and other municipal corporations be made parties. The other proceedings are stated in the opinion. From an order, Flaherty, J., dismissing the petition, and from an order denying petitioners' motion to set aside the order dismissing the petition, petitioners appealed. Affirmed.

*A. B. Kaercher* and *F. W. Murphy,* for appellants.
*Cliff & Purcell,* for respondents.

JAGGARD, J.

Petitions were filed for the construction of a ditch and laterals. Thereupon, at a hearing on the thirtieth day of January, 1908, the court, having considered the testimony of the witnesses, made an order reciting that the said ditch was necessary for the protection of the public health, convenience, and welfare of the community, and for the drainage of the land described in said petition, and adjudged that the prayer of the petition be granted and that a named person be appointed engineer to make a correct survey of the line of the ditch, drain, and watercourse, and of the branches thereof, to make a computation of the number of yards of earth to be excavated and removed in the construction of the same, and of the estimated cost per cubic yard for the removal thereof, to perform such other services with relation to said ditch as are prescribed by chapter 448, p. 641, Laws of 1907, and to report to the court in full.

Viewers were appointed. The engineer furnished specifications. The viewers made the necessary examination of the property and reported to the court. After the adjourned meeting on January 12, [1909] the court made a further order abandoning certain lateral ditches and requiring the engineer to make a detailed and complete report of said ditch and branches with these changes, to furnish the necessary plans and specifications and description of the lands over which the ditch and branches were surveyed, and to make his report accordingly. The viewers were also required to readjust and revise and complete the report in accordance with such changes. Notice was duly given of the adjourned hearing, which pursuant to the ad-

journment was had on February 15, 1909, before the court without a jury.

On March 2 the court filed its order wherein and whereby the proceedings were dismissed, and the prayer of the petitioners denied, for the reason: "That the granting of said petition and the construction of said ditch would require and involve the expenditure of money in excess of the benefits resulting from the construction of said ditch, and because in said report the assessments for benefits are excessive, inequitable and in several important particulars almost confiscatory, and for the reason that in many instances, where great injuries would be caused by the construction of said ditch, no damages are allowed, or such damages are assessed as are merely nominal and wholly inadequate, and upon other good and sufficient reasons, it is ordered that said report be and the same hereby is disallowed and disapproved; and it is hereby found and determined that the estimated benefits to be derived from the construction of said ditch are less than its total cost, including damages awarded, and for the reasons aforesaid and upon the evidence, it appearing that the construction of said ditch will not be of public utility, and that said ditch is not necessary under said circumstances for the drainage of the lands therein described, and it appearing fully to the satisfaction of the court that it would serve no useful or proper purpose to order said report to be resubmitted."

Appellants applied to the court for an order setting aside and vacating this order and reopening the decision and resubmitting the reports of the engineer and viewers to the court, with such instructions as justice might require. In this application the petitioners offered to furnish all additional and necessary bonds required by the court, agreed to pay all further costs of any further proceedings being necessary to have the matter rearranged, and submitted a number of affidavits showing their unquestioned right to have the petition granted, and the order of the court vacated. The court denied the application, and this appeal was taken.

1. The court was at liberty to enter its final order of dismissal notwithstanding its previous determination that the proposed ditch was necessary for the protection of the public health, convenience

and welfare of the community and for the drainage of the land described in the petition. Section 3, c. 448, p. 643, Laws 1907, under which the ditch proceedings were instituted, provides (at page 646): "At the hearing upon said petition the court shall ascertain, first, whether said proposed ditch is necessary for the protection of the public health, convenience and welfare of the community, and for the drainage of the land therein described, and if not, to then and there dismiss the proceedings with costs to be taxed against the principal and bondsmen. Otherwise, to proceed and determine whether it will be necessary to employ a civil engineer or engineers," and the costs of the ditch.

The statute conditions the final order for construction expressly upon the finding of the court (Laws 1907, p. 654, c. 448, § 10) "the estimated benefits to be derived from the construction of said work are greater than its total cost, including damages awarded." The court in this case, however, found that the expenditure involved in the construction would be in excess of the benefits. We are at a loss to see why the action of the court in dismissing the petition on the final hearing was not necessarily correct if the facts justified the findings.

The first order is in its nature preliminary. In no sense could it be regarded as a final determination. The petition proposed a ditch. The very purpose of the appointment of the engineer is that its proper course and dimensions should be investigated and determined. At the first hearing the utility of some such ditch as was petitioned for was determined; at the final hearing the utility of the developed (in this case the changed) plan of the ditch was considered in connection with damages, benefits, and costs. That different conclusions were reached is in no wise significant. That the petitioners in good faith expended a large sum of money in reliance upon the previous orders of the court, amounting to about $4,000, did not constitute a waiver of the express requisites of the statute (Laws 1907, p. 654, c. 448, § 10); nor is the hardship of the imposition of the costs upon them an adequate reason why the judgment of the court as to the relation of the benefits to the costs should vary from the facts. The petitioners knew in advance that the costs

must fall upon them in case the court dismissed the petition. The legislature might, but the court cannot, give the petitioners relief on this account. It follows that no error appears on this point.

2. The district court did not have the right to exercise "arbitrary power," but was required to grant the prayer of the petitioners and order the construction of the ditches when the testimony established that the benefits exceeded the damages and costs and the ditch was a public utility. The court, however, had discretionary power in the same sense that discretion must be exercised in determining any such question of fact, and in no other sense. Many motives, proper and improper, will undoubtedly lead to protests, reasonable and unreasonable, to a proposed ditch. The trial court, of course, is not to be governed by mere "neighborly hostility" to its construction, but by a definite statutory standard. Plaintiffs themselves have clearly formulated the rule. "The law does not contemplate that the court should pass upon the items of damages allowed by the viewers, nor the benefits assessed, excepting for the purpose of getting at totals and ascertaining whether there will follow more benefits than damages." But it is for the court, not the viewers and the engineer, to determine whether the benefits exceed the damages and costs. The trial judge is not limited to the clerical work of adding up the credits and charges on the report of the engineers or viewers, and of subtracting the charges from the credits. All parties interested are given a hearing. The court, from the report of the engineers, and from the report of the viewers, and from such other evidence as may be adduced before it, is required to find the relation of damages and costs, including damages, to the benefits, and whether the damages and benefits have been duly awarded and assessed, and whether the reports are complete and correct. Laws 1907, p. 654, c. 448, § 10. The court resolves these controversies and the practical utility of the ditch, judicially.

3. Plaintiffs insist that the testimony in the case established conclusively that the benefits exceeded the damages and costs in a very large amount and that therefore the court had no arbitrary or discretionary power to exercise, but was required to grant the prayer of the petitioners. And it is obvious that, if the testimony was as

conclusive as the petitioners insist, the order of the trial court was in error. This presents a pure question of fact. We have examined and considered all the evidence as to its competency and materiality, as to the foundation for the opinion given, and as to the interest and natural bias of particular witnesses in connection with the objections raised. That examination has resulted in the conclusion that there was testimony which reasonably tended to support the findings made. To detail or to discuss the particular facts would serve no useful purpose, and would merely and extensively incumber the record. We are of the opinion that on this point the order of the trial court must be affirmed.

A reargument having been granted, the following opinion was filed on May 6, 1910:

PER CURIAM.

On reargument two propositions were argued:

1. The first proposition is that the trial court was in error in making general findings of fact only, and in not making special findings of fact. This imposed on this court the duty of practically making such particular findings of fact, in order that it might definitely consider and determine the question which will be next herein considered; for the conclusion of the trial court must be sustained, if this can be done on any reasonable and proper construction of the evidence. It would have been, of course, a great convenience to this court if special findings had been made. The trial judge, moreover, is obviously in much better position to make those findings than this court. But while a rule requiring that such findings be made by the trial court would be convenient, we are unable to determine that it was reversible error for the trial judge to fail to do so.

2. In the opinion in this case upon the original hearing, this court concluded that the evidence as to the excess of benefits over damages and costs was not so conclusive as to justify a reversal of the findings and conclusions of the trial court. The question has

been elaborately argued and reargued orally and in briefs. The court has considered the matter in great detail. According to the reports of the viewers and engineers, the total benefits are $68,003.40; the costs, including damages, $38,336.91; and the excess of benefits over costs and damages, $29,666.49. The controversy in this case arises over the amount which should properly be deducted from this balance. Plaintiff insists that the maximum amount fairly to be deducted is $18,852.50. Defendants refer us to that portion of the testimony which they insist shows that the amount to be deducted should be $61,592. This sum is made up of two classes of items, namely: Those based upon defendant's testimony, including a statement of estimated amounts in the sum of $33,592; and a statement of estimates not based upon testimony as to amounts, aggregating $28,000, namely, damages where the proposed ditch would cut through cultivated farms and where it appeared the damages would be greatly increased on appeal, damages for expense of bridges allowed to towns and to private parties, for which an insufficient amount had been allowed, and allowance for fencing the proposed ditch.

If the second class of items be entirely ignored, the figures for which the defendants argue show that the costs, including damages, were substantially more than the benefits. It is entirely true that the estimates of damages—like the estimates of benefits—were subject to much and just criticism. Large sums must be deducted from the calculation of damages, in order that a just approximation to a proper amount be possible. We have endeavored to make a just approximation, aided by the elaborate and detailed briefs of both counsel. We reach the same conclusion originally announced—that this court is not justified on the record in disturbing the findings of the trial court and its conclusion to dismiss the ditch proceedings.

We do not mean to be understood by this that in the exercise of its judicial discretion the trial court was not justified in considering the second class of items of deduction claimed by defendants and in attaching some weight thereto. We reiterate that the court proceeded in the exercise of judicial discretion, and was not restricted to mere clerical calculation. In this particular case, however, the conclu-

sion is sustained by the calculations of benefits, less damages and costs. The original opinion is therefore adhered to.

Affirmed.

BROWN, J.

In my opinion the trial court should make complete findings in proceedings of this kind.